## GAITHER et al. *v.* FIDELITY-BALTIMORE NATIONAL BANK & TRUST COMPANY, Administrator et al.

[No. 166, October Term, 1954,]

*Decided July 14, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Paul F. Due,* with whom was *John L. Clark* on the brief, for the appellants.

**10**

*G. Van Velsor Wolf,* with whom were *E. Clinton Bamberger, Jr.,* and *Piper & Marbury* on the brief, for Fidelity-Baltimore National Bank & Trust Company.

*Henry M. Decker, Jr.,* with whom was *F. Murray Benson* on the brief, for The Western Maryland College, Residuary Legatee.

BRUNE, C. J., delivered the opinion of the Court.

The administrator *c.t.a.* of the estates of James H. Gaither and Eleanor B. Gaither, which was also the trustee under their respective wills, brought this suit for the purpose of obtaining instructions as to its duties in each of those four capacities. Several questions were raised, but this appeal presents only one. This is whether, under the proper construction of the will of James H. Gaither, his mother, Rosa B. Gaither, and his sister, Mary R. Gaither, are limited to gifts aggregating $3,000 and $2,000, respectively, or are entitled to receive greater amounts in case of their future need for more. The trial court held them limited to the respective sums stated, and they appealed. The appellees are the residuary legatee, The Western Maryland College, and the original complainant in its capacity as administrator *c.t.a.* of the estate of James H. Gaither.

James H. and Eleanor B. Gaither were husband and wife. They had one child, a daughter, Eleanor B. Gaither, who attended and graduated from Western Maryland College. Shortly after her graduation she was married, but unfortunately she developed tuberculosis very soon thereafter and died about a year later. On February 11, 1947, James H. Gaither executed his will, and on the same day Eleanor B. Gaither executed hers. Both wills were in the handwriting of Mr. Gaither, and the same persons witnessed both wills. The husband gave and bequeathed all of his property, real and personal, to his wife; and the wife gave and bequeathed all of her property, real and personal, to the husband. These were the initial gifts set forth in each will, and were obviously

of primary importance. Then followed alternative provisions which were to take effect in the event that the wife or husband should not survive the testator or testatrix.

As between the two wills there were some striking similarities and also some very marked differences in these alternative provisions.

The most striking similarity was in the disposition of the residuary estates, and these clauses were the most important, since under each will the bulk of the estate would fall into the residue. In almost identical terms the husband and wife left their residuary estates in trust to be used as a scholarship fund at Western Maryland College in memory of their deceased daughter, and each directed "the trustee to handle the estate so as to provide a scholarship for as long a period as possible."

Each will contained a bequest of $1,000 to the Gaithers' son-in-law, and the disposition of Mr. Gaither's household furniture and effects was to be in accordance with the provisions of his wife's will.

The gifts, other than the pecuniary bequests to the son-in-law and the bequests of furniture, which were payable or distributable prior to the determination of the residuary estates, were quite different as between the two wills.

The husband's will contained these provisions immediately following the bequest to his son-in-law:

"The balance of my estate I leave in trust to be disposed of as follows:

"I direct the trustee to pay to my Mother, Rosa B. Gaither, at any time she may be in need any money necessary up to the extent of $3,000.00 (Three Thousand Dollars).

"I direct the trustee to pay to my sister, Mary R. Gaither, at any time she may be in need any money necessary up to the extent of $2,000.00 (Two Thousand Dollars)."

These are the provisions upon which the appellants rely.

The wife's will gave a life estate in certain real property to an uncle of hers, after which the remainder was to fall into the residue. She also bequeathed her household furniture and effects and her jewelry and a pecuniary bequest of $5,000 to a member or members of her family, and made other pecuniary bequests to other persons, which aggregated $3,700.

In May, 1953, James H. Gaither shot and killed first his wife and then himself. Numerous questions affecting the estates of the decedents arose from these unhappy events, and were passed upon by the Chancellor. He held, *inter alia,* that the personal property owned separately by James H. Gaither and the proceeds of insurance on his life which would have been payable to Mrs. Gaither if she had survived him, but which were payable to his estate if she did not, were to be distributed in accordance with the will of James H. Gaither. The only appeal from the Chancellor's comprehensive decree is from that portion of it which construed the will of James H. Gaither as limiting the amounts payable to the appellants to an aggregate of $3,000 in the case of his mother and of $2,000 in the case of his sister. No attack is made upon the Chancellor's finding that the mother and daughter were in financial need or upon his decree based upon that finding for the payment to them of $3,000 and $2,000, respectively.

The inventory of the husband's estate amounted to about $41,000, and that of the wife's estate to about $49,000.

The appellants contend that they are entitled to payments out of the estate of James H. Gaither as and when they may be in financial need, and that the restriction "to the extent of" $3,000 or $2,000 merely limits the amount of any one payment, but does not limit the aggregate amount of payments. The appellees maintain the contrary. There seems to be no case directly in point.

The appellants urge that the language of the will taken in its ordinary meaning supports their contention, and further urge that if there were any doubt about the

ordinary meaning, the surrounding circumstances support their construction, since, as they assert, there is no reason to suppose that the testator would intend to confer benefits upon the indefinite and unknown recipients of scholarships rather than upon those nearest to him in blood and kinship who would naturally be the objects of his bounty and affection, citing *Mercer v. Safe Deposit & Trust Co.*, 91 Md. 102, 116, 45 A. 865.

The unfortunate plight of the appellants is clear. The mother is about ninety-six years old and the daughter about fifty-eight. The daughter has been the principal support of the mother and has taken care of her for many years. A brother makes some contribution to the mother's support; and though the amount is not stated, it does not appear to be great. The daughter's annual salary is $2,800, and her ability to continue to work is jeopardized by the increasing demands upon her time made by the care of the mother.

Harsh as these circumstances may be, we find several insuperable difficulties in the path of the appellants.

In the first place, it appears to us that the phrase "to the extent of" $3,000 (or $2,000) is used as an overall limitation upon the aggregate amount. As the appellee College contends, a contrary view could wipe out the whole scholarship fund in a very short period of time by establishing financial need on a number of occasions in quick succession. This would frustrate the testator's principal objective.

In the second place, we find strong evidence in the will itself and in the circumstances attending its execution that the testator was concerned only to a limited extent with the maintenance or support of his sister and of his aged mother. If the deaths of the testator and of his wife had occurred naturally, and if the testator had predeceased his wife, the appellants would have been entitled to nothing whatsoever under the will of James H. Gaither; and he certainly knew that they would receive nothing under the will of his wife, which he wrote with his own hand.

In the third place, it is evident that the principal ultimate objective of both James H. Gaither and his wife at the time when they executed their largely mutual wills was to create a scholarship fund as a memorial to their daughter at the College which she had attended. This was not a vague, impersonal thing because the donors did not know the persons who would receive the scholarship benefits, but it was to them a useful and satisfying way of keeping alive the memory of their own dead child. It takes no imagination to believe that that objective was dear to them.

It seems clear, from the terms of the provisions in their favor, that the testator either knew or anticipated that the appellants would be in need of assistance, but it also seems clear that they were not the primary objects of his bounty, even if his wife predeceased him. Whether or not this is the kind of will which James H. Gaither ought to have made, we are not at liberty to rewrite it for him or to determine what he ought to have done. *Fairfax v. Brown,* 60 Md. 50, 54; *Stahl v. Emery,* 147 Md. 123, 132, 127 A. 760, 764; *Meakin v. Duvall,* 43 Md. 372; *Estate of Childs v. Hoagland,* 181 Md. 550, 556, 30 A. 2d 766, 769.

In our view, the language of the clauses in favor of the mother and sister of the testator construed in connection with the other parts of the will and in the light of the circumstances attending its execution manifests an intent to limit the gifts to them to aggregate amounts not exceeding $3,000 and $2,000, respectively. It requires no extensive citation of authority to support the conclusion that effect must be given to the testator's intention, when to do so contravenes no rule of law. Among recent decisions of this Court we may refer to *Cameron v. Frazer,* 187 Md. 368, 50 A. 2d 243; *Hebden v. Keim,* 196 Md. 45, 75 A. 2d 126; and *Black v. Gary,* 199 Md. 354, 86 A. 2d 480.

In accordance with the above views the decree of the trial court is affirmed.

*Decree affirmed, with costs.*